UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

R.L. MYRICK, JR,

                Petitioner,

v.                                                                                   Case No. 22-cv-0628-bhl

WISCONSIN DEPARTMENT CORRECTIONS,

                Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

       On May 26, 2022, R.L. Myrick, Jr., a former inmate now on parole in Milwaukee, Wisconsin, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. (ECF No. 1.) Although he used the court-supplied habeas form, Myrick mostly ignored the prompts and instead recounted his criminal and carceral history across several pages. Though buried in his lengthy narrative, his principal allegation appears to be that someone within the Wisconsin Department of Corrections falsified his records, causing the State to improperly impose an additional two years on parole. (*Id.* at 6.)

       On May 31, 2022, the Clerk of Court directed Myrick to complete a "Consent to Proceed Before a Magistrate Judge" form within 21 days. (ECF No. 2.) Myrick did not respond. The Clerk of Court then sent him a second letter, on June 28, 2022, again, directing him to complete the form. (ECF No. 3.) Again, Myrick did not respond. On August 8, 2022, Magistrate Judge William E. Duffin issued a Report and Recommendation, recommending that Myrick's petition be dismissed for failure to prosecute under Civil Local Rule 41(c). (ECF No. 4 at 2.) The Court attempted to send Myrick a copy of Judge Duffin's decision, but the mail was returned as undeliverable. (ECF No. 5.) A week later, Myrick's parole officer confirmed that, as of August 2, 2022, Myrick was homeless and living out of his van.

       When no objections are raised, a magistrate's report is reviewed only for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) (citing *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995); *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)). Under Civil Local Rule 41(c), "[w]henever it appears to the Court that the plaintiff is not diligently

prosecuting the action . . ., the Court may enter an order of dismissal with or without prejudice." Myrick's "Consent" form is almost five months overdue. He has not filed anything since the initial petition on May 26, 2022. Magistrate Judge Duffin did not commit clear error when he found that this evinces a lack of diligence warranting dismissal under Civil L. R. 41(c). His Report and Recommendation will, therefore, be adopted.

    **IT IS HEREBY ORDERED** that Magistrate Judge Duffin's Report and Recommendation, ECF No. 4, is adopted, and the habeas petition is **DISMISSED**. A Certificate of Appealability is also denied because no reasonable jurist could find this procedural ruling of dubitable merit. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

    Dated at Milwaukee, Wisconsin on November 8, 2022.

                                                          s/ *Brett H. Ludwig*
                                                          BRETT H. LUDWIG
                                                          United States District Judge